UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
GALBRAITH & PAUL, INC.,                               :
:
:
:
Plaintiff,              :
:
v.                                     :          07 Civ. 10512 (PKC) (AJP)
:
RUBY TUESDAY, INC.,                                   :          **ANSWER AND AFFIRMATIVE DEFENSES**
:
:          [ELECTRONICALLY FILED]
:
:
:
Defendant.              :
:
------------------------------------------------------X

Ruby Tuesday, Inc. ("Ruby Tuesday"), for its Answer to the Complaint, alleges as follows:

## SUMMARY OF ACTION

1.    Defendant is without information sufficient to form a belief as to the validity of Plaintiff's registered Donuts fabric design and otherwise denies the allegations set forth in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.    Defendant admits that Plaintiff purports to allege causes of action for copyright infringement and otherwise is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and, therefore, denies each and every such allegation.

3.    Defendant admits the allegations set forth in paragraph 3 of the Complaint.

4.    Defendant admits the allegations set forth in paragraph 4 of the Complaint.

## THE PARTIES

5. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and, therefore, denies each and every such allegation.

6. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and, therefore, denies each and every such allegation.

7. Defendant admits that its headquarters is located at 150 West Church Avenue, Maryville, Tennessee and otherwise denies the allegations set forth in paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in paragraph 8 of the Complaint, except denies that Defendant operates more than one restaurant in New York City.

9. Defendant admits the allegations set forth in paragraph 9 of the Complaint.

10. Defendant admits that it owns and thereby operates one restaurant in this judicial district and otherwise denies the allegations set forth in paragraph 10 of the Complaint.

## COUNT I
### (COPYRIGHT INFRINGEMENT BY COPYING FABRIC)

11. Defendant admits that Plaintiff purports to allege a cause of action under the U.S. Copyright Laws and otherwise is without information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint, and, therefore, denies each and every such allegation.

12. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and, therefore, denies each and every such allegation.

13. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and, therefore, denies each and every such allegation.

14. Defendant admits that attached as Exhibit B to the Complaint is a copy of what purports to be Certificate of Copyright Registration VA 1-161-824 and otherwise is without information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Complaint and, therefore, denies each and every such allegation

15. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and, therefore, denies each and every such allegation.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant admits, upon information and belief, that the photograph attached to the Complaint as Exhibit C purports to depict certain lampshades in the interior of a Ruby Tuesday restaurant and otherwise denies the allegations set forth in paragraph 17 of the Complaint.

18. Defendant admits that it did not seek Plaintiff's permission, license, or consent to use the Donuts design and received notice of Plaintiff's claim of rights in or around November 2007 and otherwise denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint and, therefore, denies each and every such allegation.

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint.

## COUNT II
## (COPYRIGHT INFRINGEMENT BY ADVERTISING COPIES OF PLAINTIFF'S FABRIC)

21.   Defendant admits that Plaintiff purports to allege a cause of action for copyright infringement under the U.S. Copyright Laws and otherwise is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint and, therefore, denies each and every such allegation.

22.   Defendant repeats and re-alleges the admissions and denials to the allegations set forth in paragraphs 11 through 20 of the Complaint as if fully set forth herein.

23.   Defendant admits that attached as Exhibit D to the Complaint is a Ruby Tuesday advertisement and otherwise denies the allegations set forth in paragraph 23 of the Complaint.

24.   Defendant admits that it did not seek the permission, license or consent of Plaintiff to distribute the advertisement shown at Exhibit D of the Complaint, and received notice of Plaintiff's claim of rights in or around November 2007, but otherwise denies the allegations set forth in paragraph 24 of the Complaint.

25.   Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint and, therefore, denies each and every such allegation.

26.   Defendant denies the allegations set forth in paragraph 26 of the Complaint.

## COUNT III
## (TRADEMARK INFRINGEMENT)

27.   Defendant admits that Plaintiff purports to allege a cause of action under the U.S. Trademark Laws and otherwise denies the allegations set forth in paragraph 27 of the Complaint.

28.   Defendant is without information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 28 of the Complaint and, therefore, denies each and every such allegation.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in paragraph 30 of the Complaint.

31. Defendant admits that it did not seek the permission, license or consent of Plaintiff to use the Donuts design and received notice of Plaintiff's claim of rights in or around November 2007, but otherwise denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint and, therefore, denies each and every such allegation.

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

34. Upon information and belief, Plaintiff's Donuts design is comprised of common shapes and symbols which are not copyrightable subject matter.

## SECOND AFFIRMATIVE DEFENSE

35. Upon information and belief, Plaintiff's Donuts design is not "original" within the meaning of the U.S. Copyright Act.

## THIRD AFFIRMATIVE DEFENSE

36. If Plaintiff's Donuts design is entitled to protection within the meaning of the U.S. Copyright Act, then any alleged copyright protection to be afforded to Plaintiff's Donuts design must be very "thin".

## FOURTH AFFIRMATIVE DEFENSE

37. Defendant did not have access to Plaintiff's Donuts design.

## FIFTH AFFIRMATIVE DEFENSE

38. The Complaint fails to state a claim under the U.S. Trademark Laws upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

39. Plaintiff did not create or design the patterns used on the lampshades placed in certain of its restaurants and depicted in advertisements. Rather, the subject lampshades are one, small element of a complete remodeling of Defendant's restaurants so that they offer a more contemporary look and appeal to a broader range of customers. Defendant relied in good faith on the representations given by third parties with respect to these lampshades. In particular, Johnson Architecture of Knoxville, Tennessee, the firm responsible for the remodeling design of Defendant's restaurants, created the prototype design to be used on lampshades in Defendant's restaurants. Calloway's, Inc., of Knoxville, Tennessee, then produced and supplied lampshades incorporating Johnson Architecture's design (the "Johnson Design"), which, upon information and belief, is shown in the Complaint at Exhibit D. Jovin, Inc. of Sewell, New Jersey, later created, produced and supplied to Ruby Tuesday lampshades incorporating a modified version of the Johnson Design (the "Jovin Design"), which, upon information and belief, is shown in the Complaint as Exhibit C. If Plaintiff establishes infringement, then one or more of these third parties who designed, created and caused the manufacture of the accused lampshade designs and represented that the designs were original and non-infringing should be liable for all or a part of any award of damages granted against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

40. Venue in this district is not convenient, and this action should be dismissed or transferred to the United States District Court for the Eastern District of Tennessee on the grounds of *forum non conveniens*.

## EIGHTH AFFIRMATIVE DEFENSE

41. Upon information and belief, Plaintiff lacks standing to file and prosecute this action in this Court.

WHEREFORE, Defendant demands that Plaintiff's Complaint be dismissed in its entirety, that Defendant recover from Plaintiff its costs and attorney's fees incurred in connection with this matter and such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Defendant demands a trial by jury.

Respectfully submitted,

LADAS & PARRY LLP
Attorneys for Defendant
Ruby Tuesday, Inc.

Dated: January 4, 2008

By: _____
Robert Alpert [RA 7138]
Ralph H. Cathcart [RHC 2350]
26 West 61st Street
New York, NY 10023
(212) 708-1860