USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

GALBRAITH & PAUL, INC.

    **Plaintiff,**

v.

RUBY TUESDAY, INC.,

    **Defendant(s).**

----------------------------------------------------------X

CIVIL ACTION NO. 07 CIV 10512 (PKC)

**(Jury Demanded)**

**ECF CASE**

## CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

  This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

  1. All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). If all consent, the remaining paragraphs need not be completed.

  2. This case is to be tried to a jury.

  3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order. [Absent exceptional circumstances, thirty (30) days.] Plaintiff will be seeking to add and defendant contemplates possibly adding other parties involved in the design and supply of the allegedly infringing lamp shade.

  4. Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later than 14 days from the date of this Order. [Absent exceptional circumstances, fourteen (14) days.]

  5. All fact discovery shall be completed no later than May 22, 2008. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.] The parties have agreed to the following inadvertent disclosure provisions:

    a.    If a producing party inadvertently discloses to a receiving party information that is subject to the attorney-client privilege, the attorney work product doctrine, or that is otherwise immune from discovery, the producing party shall promptly upon learning of such disclosure, so advise the receiving party in writing and request that the item or items of information, and all copies thereof, be returned, and no party to this action shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other immunity. The receiving party shall return such inadvertently produced item or items of information and all copies thereof within five (5) business days of the earliest of: (i) discovery by the receiving party of the producing party's inadvertent production; or (ii) receipt of a written demand for the return of such item or items of information by the producing party.

    b.    The party returning such inadvertently produced item or items of information described in paragraph a above may thereafter seek production of any such documents or information in accordance with the Federal Rules of Civil Procedure, but in so doing cannot assert that the inadvertent production by the producing party waived any claim of attorney-client privilege, attorney work product, or other immunity.

    c.    If applicable, the receiving party shall disclose to the producing party the identity of all persons who obtained access to the inadvertently disclosed document or information, other than counsel. Further, the receiving party shall immediately advise such persons of the need to sequester and return such information to the producing party and to preserve the confidentiality thereof unless otherwise ordered by the Court.

    d.    In all other respects, the parties shall comply with Fed. R. Civ. P. 26 (b)(5)(B).

6.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

    a.    Initial requests for production of documents to be served by February 1, 2008.

    b.    Interrogatories to be served by February 1, 2008.

    c.    Depositions to be completed by May 21, 2008.

    d.    Requests to Admit to be served no later than April 22, 2008.

7.    a.    All expert discovery shall be completed no later than July 7, 2008. [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, *i.e* the completion of all fact discovery.]

       b.    No later than thirty (30) days prior to the date in paragraph 5, *i.e.* the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff(s)' expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Pursuant to the authority of Rule 16(b)(2), Fed. R. Civ. P., a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the close of fact discovery (see paragraph 5 hereof).

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.    Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed that by no later than January 22, 2008, they will exchange the following, with the understanding that this information shall be disclosed in furtherance of settlement only and shall not be deemed as evidence, an admission or waiver of any privilege or evidentiary rule and is made without prejudice pursuant to Fed. R. Civ. P. 408:

          i.    Plaintiff shall provide to defendant the following: (1) sales figures (units and dollars) for the last two calendar years for lamp models bearing the design covered by Registration No. VA 1-161-824 ("Donuts Textile Design"), (2) the total square footage of Donuts Textile Design fabric sold during this same period, (3) the price per square foot of the Donuts Textile Design for lamp shades, including any bulk sales discounts, and (4) specimens of any underlying or derivative works of the Donuts Textile Design.

          ii.    Defendant shall provide to plaintiff the following: (1) the total number of lampshades bearing the accused designs in U.S. restaurants; (2) the total number of lampshades bearing the accused designs in foreign restaurants; (3) the total number of defendant's U.S. restaurants in which the accused lampshade designs are installed and (4) the total number of defendant's foreign restaurants in which the accused lampshade designs are installed.

  b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: *See* below.

  c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (*e.g.* within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): The parties intend to reconsider and discuss these mechanisms once they have informally exchanged information.

  d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions *in limine* (for which the pre-motion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed *voir dire*, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is two days for plaintiff, and four days for defendant.

---

TO BE COMPLETED BY THE COURT:

13. [Other directions to the parties]

14. The (next Case Management) (Final Pretrial Conference) is scheduled for _May 23, 2008 at 10:00 am_.

  This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a

written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

                                                                                 P. Kevin Castel
                                                                           United States District Judge

Dated: New York, New York
       January 23, 2008