RECEIVED
JAN 2 5 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GALBRAITH & PAUL, INC.,                         :

                Plaintiff,               :          Civil Action No.  07-10512 (PKC)

            v.                                        :          **AMENDED COMPLAINT**

RUBY TUESDAY, INC., JOHNSON           :          (JURY DEMANDED)
ARCHITECTURE, INC., CALLOWAY'S, INC.,
and JOVIN, INC.,                                   :          ECF Case

             Defendants. :
-------------------------------------------------------------X

      Plaintiff Galbraith & Paul, Inc., by its attorneys, for its Amended Complaint

against Defendants Ruby Tuesday, Inc., Johnson Architecture, Inc., Calloway's, Inc.

and Jovin, Inc., alleges as follows:

### SUMMARY OF ACTION

      1.    Plaintiff Galbraith & Paul, Inc. has valid, registered copyright rights in its

well-known "Donuts" textile design for yardage fabric, pillows, lighting and rugs.

Defendant Ruby Tuesday, Inc., has recently appropriated, without permission and for its

own benefit, a reproduction of the "Donuts" design on lamp shades for its multi-store

restaurant chain renovation.  Upon information and belief, Defendant Johnson

Architecture designed a new look for defendant Ruby Tuesday, Inc.'s restaurants,

including the design of the lampshade at issue.  Upon information and belief,

Calloway's, Inc. manufactured and supplied the lampshades featured in those

restaurants.  Upon information and belief, Jovin, Inc. subsequently modified the design

of the lampshades at issue and manufactured and supplied lampshades featuring the

modified design for use in Ruby Tuesday, Inc.'s restaurants.  Defendants' violations of

Plaintiff's copyright rights requires an imposition of copyright damages and an injunction against such continued use and display of such lampshades.

## JURISDICTION AND VENUE

2.     This complaint alleges causes of action for copyright infringement under the Copyright Laws of the United States, 17 U.S.C. §101 et seq.

3.     This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §1331.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(a).

## THE PARTIES

5.     Plaintiff Galbraith & Paul, Inc. (hereinafter "Plaintiff" or "G&P") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

6.     G&P has been in business for twenty-one years and is a well known designer and manufacturer of original textile products including pillows, lighting, yardage fabric and rugs, which are sold throughout the United States and the world.  G&P conducts a significant amount of its business in this judicial district.

7.     G&P's largest trade showroom is located in this district, and G&P has multiple customers in this district, including its largest wholesale account.

8.     Manhattan, within this district, is considered the international design center for decorative home furnishings, fabrics and related products of the type in which G&P regularly designs and manufactures.

-2-

9.    Upon information and belief, Defendant Ruby Tuesday, Inc. (hereinafter "Ruby Tuesday") is a Tennessee corporation with its headquarters located at 150 West Church Avenue, Maryville, Tennessee 37801.

10.    Upon information and belief, Defendant Ruby Tuesday is a restaurant chain with locations that it operates throughout the United States and foreign countries. Ruby Tuesday owns and operates at least 691, and franchises at least 244, Ruby Tuesday restaurants.  Ruby Tuesday restaurants can be found in 45 states, the District of Columbia, 12 foreign countries, and Puerto Rico.

11.    Defendant Ruby Tuesday operates at least one restaurant in this judicial district.  Defendant Ruby Tuesday operates several restaurants in adjoining districts, including restaurants in Nanuet, New York as well as Glen Cove, Westbury, Hicksville, Commack, Farmingdale, Island Park, Deerpark, Lake Grove, Miller Place, Sayville and Medford (all on Long Island, New York).

12.    Upon information and belief, the entities listed on **Exhibit A** are subsidiaries and/or affiliates of Ruby Tuesday that own and/or operate Ruby Tuesday restaurants.

13.    Upon information and belief, Defendant Ruby Tuesday has conducted business and otherwise operates in this judicial district .

14.    Upon information and belief, Defendant Johnson Architecture, Inc. (hereinafter "Johnson Architecture") is a Tennessee corporation with its headquarters located at 10133 Sherrill Boulevard, Suite 100, Knoxville, TN 37932.

15.    Upon information and belief, Johnson Architecture also has offices in New Jersey, located at Ramshorn Executive Center, 2399 Highway 34, Bldg. D-3,

-3-

Manasquan, New Jersey 08736.

16.     Upon information and belief, Defendant Johnson Architecture is an architectural firm that operates throughout the United States, including in New Jersey and this district.

17.     Upon information and belief, Defendant Johnson Architecture has conducted business and otherwise operates in this judicial district.

18.     Upon information and belief, Defendant Calloway's, Inc. (hereinafter "Calloway's") is a Tennessee corporation with its headquarters located at 5714 Kingston Pike, Knoxville, Tennessee 37919-6363.

19.     Upon information and belief, Defendant Calloway's is a manufacturer and wholesaler of lampshades that operates throughout the United States, including in this district.

20.     Upon information and belief, Defendant Calloway's has conducted business and otherwise operates in this judicial district.

21.     Upon information and belief, Defendant Jovin, Inc. (hereinafter "Jovin") is a New Jersey corporation with its headquarters located at 106 Delsea Drive, Sewell, New Jersey 08080.

22.     Upon information and belief, Defendant Jovin is a manufacturer and wholesaler of lampshades that operates throughout the United States.

23.     Upon information and belief, Defendant Jovin has conducted business and otherwise operates in this judicial district.

## FACTS COMMON TO ALL COUNTS

G&P's Design

24.     G&P's most popular and best selling textile design is a design that G&P identifies as "Donuts" (hereinafter "G&P's Donuts design").

25.     The G&P Donut design has been actively promoted and sold to customers in this district, in the form of fabric, pillows, rugs and lighting.

26.     As a result of G&P's sales of its Donuts design and the attention that design has received from the press over the years, G&P's Donuts design has achieved significant notoriety in the trade, in the press and among the public.  A copy of the Donuts design is attached hereto as **Exhibit B**.

27.     The G&P Donuts Design is protected by copyright, Registration No. VA 1-161-824, effective September 9, 2002, a copy of which is attached hereto as **Exhibit C**.

Defendants' Infringing Activities

28.     In its quarterly 10-Q report filed on October 11, 2007, Ruby Tuesday stated that its "goal is to increase same-restaurant sales 3% or greater per year and to increase average restaurant volumes by $100,000 per year towards our long-term goal of $2.5 million in sales per restaurant per year."  To achieve that goal, Ruby Tuesday began a "re-imaging initiative" intended to move its brand towards a higher quality casual dining restaurant and away from the traditional bar and grill category.

29.     Upon information and belief, as part of its "re-imaging initiative", Ruby Tuesday hired Johnson Architecture to remodel and redesign the look of the Ruby Tuesday restaurants.

30.     Upon information and belief, Johnson Architecture, as part of its remodeling efforts, designed a lampshade featuring a design strikingly similar to and modeled on the Donuts design ("the Johnson Architecture Design") to be used in the remodeled Ruby Tuesday restaurants.

31.     Upon information and belief, the fabric intended to be used on said lampshade was G&P's Donuts design fabric, and a prototype was made using G&P's Donuts design fabric.

32.     Upon information and belief, the lampshade intended to be used on said lamp was a lampshade featuring G&P's Donuts design fabric, and a prototype was made using a lampshade obtained from G&P featuring G&P's Donuts design fabric. An image of the G&P lampshade featuring G&P's Donuts design fabric is attached as **Exhibit D.**

33.     Upon information and belief, Ruby Tuesday approved the aforementioned lampshade for use in its remodeled restaurants.

34.     Upon information and belief, Ruby Tuesday instructed that such lampshades should be utilized in all remodeled restaurants.

35.     Upon information and belief, Calloway's subsequently produced and supplied lampshades featuring the Johnson Architecture Design.

36.     Upon information and belief, at some point thereafter Jovin created, produced and supplied lampshades featuring a modified version of the Johnson Architecture Design (the "Jovin Design").

37.     Upon information and belief, Ruby Tuesday arranged to have the lampshades supplied by Calloway's and Jovin installed in all of its remodeled

restaurants.

38.    Upon information and belief, the shape of the lampshades supplied by Calloway's and Jovin is virtually identical to the shape of lampshades sold by G&P featuring the Donuts design.

39.    In a press release dated December 20, 2007, Sandy Beall, Founder and CEO of Ruby Tuesday stated that Ruby Tuesday's "re-imaging initiative" resulted "in very high guest satisfaction scores for overall value, intent to revisit, and likelihood to recommend which we are convinced will better position our brand for the long term."

40.    Upon information and belief, the signature design element in Ruby Tuesday restaurants prior to the "re-imagining initiative" was a Tiffany lamp, and Ruby Tuesday became known for using lamps as design element.

41.    Upon information and belief, the infringing lampshade design is the only pattern fabric used in the redesigned Ruby Tuesday restaurants.

42.    Upon information and belief, the aforesaid desirable results were in major part the result of the installation of said infringing lampshades, especially since they feature the only pattern fabric used in the redesigned Ruby Tuesday restaurants.

43.    An infringing lampshade design appears on Ruby Tuesday's website at http://www.rubytuesday.com/soconnected.asp.  A printout of this web page is attached as **Exhibit E**.

Defendants' Knowledge of G&P

44.    G&P has had previous business dealings with Jovin.

45.    In 1994, Jovin made styrene lampshades for G&P, and G&P then applied its hand made patterns to the lampshades and supplied them to the Lied Conference

Center for The National Arbor Day Foundation in Nebraska City, Nebraska.
Furthermore, G&P and Jovin both purchase (or have purchased in the past)
lampshades from the same frame vendor – Penn Wire Specialty.

46.     In 2005 a designer by the name of Susan Kirkwood at Johnson
Architecture requested memos (samples and prices) from G&P. Shawn B. Boles,
another designer at Johnson Architecture, has also been in contact with G&P and is still
employed by Johnson Architecture. Both Ms. Kirkwood and Ms. Boles are on G&P's
mailing list, and, upon information and belief, received G&P catalogs featuring the
Donuts design as well as other promotional mailings from G&P.

47.     In 2005, G&P furnished and sold wall sconces bearing another of its
designs to Lighting Trends and shipped those wall sconces to Massey Electric. Upon
information and belief, the wall sconces sold to Lighting Trends and shipped to Massey
Electric were ultimately installed a restaurant called Wok Hay in Knoxville, Tennessee.
Upon information and belief, Johnson Architecture specified the G&P products for use in
the Wok Hay restaurant.

48.     Ruby Tuesday acquired Wok Hay in June 2007 and now owns and
operates that restaurant. Upon information and belief, Ruby Tuesday hired Johnson
Architecture to remodel the Wok Hay restaurant before re-opening it in the fall of 2007.

## COUNT I

## [COPYRIGHT INFRINGEMENT AS TO RUBY TUESDAY
## BY ADVERTISING COPIES OF PLAINTIFF'S FABRIC]

49.     This cause of action arises under the Copyright Laws of the United States
Title 17 United States Code Sec. 101 et seq.

50.    Plaintiff repeats and realleges each allegation in paragraphs 1-44 as if set forth in full herein.

51.    G&P's Donuts design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et seq.

52.    G&P has previously duly complied with the provisions of the Copyright Laws of the United States, and has secured rights and privileges in and to its Donuts design, and has duly obtained from the Register of Copyrights a Certificate of Regis- tration pertaining to said design, identified as, Donuts, Copyright Registration VA 1-161- 824.  A copy of said issued Certificate of Copyright Registration is attached hereto as **Exhibit C**.

53.    All copies of G&P's Donuts design have been sold and/or used in conformity with the provisions of the Copyright Laws of the United States

54.    Upon information and belief, Defendant Ruby Tuesday having full knowledge of the copyright rights of G&P in the Donuts design as alleged herein, has infringed the aforesaid copyright of G&P by promoting and/or advertising the lampshades copied from G&P's Donuts design.  A photograph of one example of such advertisement by Defendant Ruby Tuesday is attached hereto as **Exhibit F**.

55.    All of the acts of Defendant Ruby Tuesday as set forth in the preceding paragraph, were undertaken  without the permission, license, or consent of G&P, and are irreparably damaging G&P.  Defendant Ruby Tuesday has been notified of Plaintiff's rights, but has failed to cease its infringing activities.

56.    Upon information and belief, the activities of Defendant Ruby Tuesday

have diminished and will continue to diminish the inherent value and marketability of

G&P's Donuts design.

57.    G&P has been damaged by the acts of the Defendant Ruby Tuesday as

alleged in this Count, in an amount as yet unknown, but if continued will be in excess of

$1,000,00.00.

### COUNT II

### [COPYRIGHT INFRINGEMENT AS TO RUBY TUESDAY

### BY DISPLAYING COPIES OF PLAINTIFF'S FABRIC]

58.    This cause of action arises under the Copyright Laws of the United States

Title 17 United States Code Sec. 101 et seq.

59.    Plaintiff repeats and realleges each allegation in paragraphs 1-57 as if set

forth in full herein.

60.    G&P's Donuts design consists of material which is wholly original and is

copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C.

Sec. 101, et seq.

61.    G&P has previously duly complied with the provisions of the Copyright

Laws of the United States, and has secured rights and privileges in and to its Donuts

design, and has duly obtained from the Register of Copyrights a Certificate of Regis-

tration pertaining to said design, identified as, Donuts, Copyright Registration VA 1-161-

824.  A copy of said issued Certificate of Copyright Registration is attached hereto as

**Exhibit C**.

-10-

62.    All copies of G&P's Donuts design have been sold and/or used in conformity with the provisions of the Copyright Laws of the United States

63.    Upon information and belief, Defendant Ruby Tuesday having full knowledge of the copyright rights of G&P in the Donuts design as alleged herein, has infringed the aforesaid copyright of G&P by displaying the lampshades copied from G&P's Donuts design. Photographs showing the infringing lampshades on display in a Ruby Tuesday restaurants are attached hereto as **Exhibit G**.

64.    All of the acts of Defendant Ruby Tuesday as set forth in the preceding paragraph, were undertaken without the permission, license, or consent of G&P, and are irreparably damaging G&P. Defendant Ruby Tuesday has been notified of Plaintiff's rights, but has failed to cease its infringing activities.

65.    Upon information and belief, the activities of Defendant Ruby Tuesday have diminished and will continue to diminish the inherent value and marketability of G&P's Donuts design.

66.    G&P has been damaged by the acts of the Defendant Ruby Tuesday as alleged in this Count, in an amount as yet unknown, but if continued will be in excess of $1,000,00.00.

## COUNT III

## [CONTRIBUTORY INFRINGEMENT OF COPYRIGHT AS TO RUBY TUESDAY]

67.    This cause of action arises under the Copyright Laws of the United States Title 17 United States Code Sec. 101 et seq.

-11-

68.    Plaintiff repeats and realleges each allegation in paragraphs 1-67 as if set forth in full herein.

69.    G&P's Donuts design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et seq.

70.    G&P has previously duly complied with the provisions of the Copyright Laws of the United States, and has secured rights and privileges in and to its Donuts design, and has duly obtained from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as, Donuts, Copyright Registration VA 1-161-824.  A copy of said issued Certificate of Copyright Registration is attached hereto as **Exhibit C**.

71.    All copies of G&P's Donuts design have been sold and/or used in conformity with the provisions of the Copyright Laws of the United States.

73.    Defendant Ruby Tuesday has contributorily and willfully infringed G&P's copyright in its Donuts design by causing to be manufactured, importing, displaying, and/or promoting lampshades bearing a design that is strikingly similar to the Donuts design and which contains substantial material copied from said copyrighted work, or by causing and/or participating in the manufacturing, importing, vending, distributing, selling, displaying, or promoting with knowledge of the infringing activity by defendants Johnson Architecutre, Calloway's and/or Jovin. All of the aforesaid activities of defendant Ruby Tuesday are in violation of the rights of G&P under the copyright law.

74.    All of the acts of Defendant Ruby Tuesday as set forth in the preceding paragraph were undertaken without the permission, license, or consent of G&P, and are irreparably damaging G&P. Defendant Ruby Tuesday has been notified of Plaintiff's rights, but has failed to cease its infringing activities.

75.    Upon information and belief, the activities of Defendant Ruby Tuesday have diminished and will continue to diminish the inherent value and marketability of G&P's Donuts design.

76.    G&P has been damaged by the acts of the Defendant Rub Tuesday as alleged in this Count, in an amount as yet unknown, but if continued will be in excess of $1,000,00.00.

## COUNT IV

## [COPYRIGHT INFRINGEMENT AS TO JOHNSON ARCHITECTURE]

77.    This cause of action arises under the Copyright Laws of the United States, Title 17 United States Code, Sec. 101 et seq.

78.    Plaintiff repeats and realleges each allegation in paragraphs 1-76 as if set forth in full herein.

79.    G&P's Donuts design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et seq.

80.    G&P has previously duly complied with the provisions of the Copyright Laws of the United States, and has secured rights and privileges in and to its Donuts

-13-

design, and has duly obtained from the Register of Copyrights a Certificate of Regis-

tration pertaining to said design, identified as, Donuts, Copyright Registration VA 1-161-

824. A copy of said issued Certificate of Copyright Registration is attached hereto as

**Exhibit C.**

81.    All copies of G&P's Donuts design have been sold and/or used in

conformity with the provisions of the Copyright Laws of the United States.

82.    Upon information and belief, Defendant Johnson Architecture obtained

fabric carrying G&P's Donuts design either directly from G&P or from a source carrying

G&P's products and used that fabric to create the infringing Johnson Architecture

Design.

83.    Upon information and belief, Defendant Johnson Architecture, having full

knowledge of the copyright rights of G&P in the Donuts design as alleged herein,

infringed the aforesaid copyright of G&P by copying, or causing to be copied, G&P's

Donuts design for use on lampshades. A photograph of one example of such a

lampshade, used by Defendant Ruby Tuesday in its restaurants, is attached hereto as

**Exhibit G.**

84.    All of the acts of Defendant Johnson Architecture as set forth in the

preceding paragraph, were undertaken without the permission, license, or consent of

G&P, and are irreparably damaging G&P.

85.    Upon information and belief, the actions of Defendant Johnson

Architecture have diminished and will continue to diminish the inherent value and

-14-

marketability of G&P's Donuts design.

86.     G&P has been damaged by the acts of Defendant Johnson Architecture as alleged in this count, in an amount as yet unknown, but if continued will be in excess of $1,000,00.00.

## COUNT V

### [COPYRIGHT INFRINGEMENT AS TO CALLOWAY'S]

87.     This cause of action arises under the Copyright Laws of the United States, Title 17 United States Code, Sec. 101 et seq.

88.     Plaintiff repeats and realleges each allegation in paragraphs 1-86 as if set forth in full herein.

89.     G&P's Donuts design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et seq.

90.     G&P has previously duly complied with the provisions of the Copyright Laws of the United States, and has secured rights and privileges in and to its Donuts design, and has duly obtained from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as, Donuts, Copyright Registration VA 1-161-824.  A copy of said issued Certificate of Copyright Registration is attached hereto as **Exhibit C**.

100.    All copies of G&P's Donuts design have been sold and/or used in conformity with the provisions of the Copyright Laws of the United States.

101. Upon information and belief, Defendant Calloway's received the infringing Johnson Architecture Design from Johnson Architecture and copied that design so that it could produce and supply lampshades bearing the Johnson Architecture Design for use in Ruby Tuesday remodeled restaurants.

102. Upon information and belief, Defendant Calloway's, having full knowledge of the copyright rights of G&P in the Donuts design as alleged herein, infringed the aforesaid copyright of G&P by copying, or causing to be copied, G&P's Donuts design for use on lampshades. A photograph of one example of such a lampshade, used by Defendant Ruby Tuesday in its restaurants, is attached hereto as **Exhibit G**.

103. All of the acts of Defendant Calloway's as set forth in the preceding paragraph, were undertaken without the permission, license, or consent of G&P, and are irreparably damaging G&P.

104. Upon information and belief, the actions of Defendant Calloway's have diminished and will continue to diminish the inherent value and marketability of G&P's Donuts design.

105. G&P has been damaged by the acts of Defendant Calloway's as alleged in this count, in an amount as yet unknown, but if continued will be in excess of $1,000,00.00.

## COUNT VI

## [COPYRIGHT INFRINGEMENT AS TO JOVIN]

106. This cause of action arises under the Copyright Laws of the United States,

-16-

Title 17 United States Code, Sec. 101 et seq.

107.  Plaintiff repeats and realleges each allegation in paragraphs 1-105 as if set forth in full herein.

108.  G&P's Donuts design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et seq.

109.  G&P has previously duly complied with the provisions of the Copyright Laws of the United States, and has secured rights and privileges in and to its Donuts design, and has duly obtained from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as, Donuts, Copyright Registration VA 1-161-824. A copy of said issued Certificate of Copyright Registration is attached hereto as **Exhibit C**.

110.  All copies of G&P's Donuts design have been sold and/or used in conformity with the provisions of the Copyright Laws of the United States.

111.  Upon information and belief, Defendant Jovin obtained the infringing Johnson Architecture Design from Johnson Architecture and created the modified version of that design known as the Jovin Design, which it then applied to lampshades that it produced and supplied for use in Ruby Tuesday remodeled restaurants.

112.  Upon information and belief, Defendant Jovin, having full knowledge of the copyright rights of G&P in the Donuts design as alleged herein, infringed the aforesaid copyright of G&P by copying, or causing to be copied, G&P's Donuts design for use on

lampshades.  A photograph of one example of such a lampshade, used by Defendant Ruby Tuesday in its restaurants, is attached hereto as **Exhibit G**.

113.    All of the acts of Defendant Jovin as set forth in the preceding paragraph, were undertaken without the permission, license, or consent of G&P, and are irreparably damaging G&P.

114.    Upon information and belief, the actions of Defendant Jovin have diminished and will continue to diminish the inherent value and marketability of G&P's Donuts design.

115.    G&P has been damaged by the acts of Defendant Jovin as alleged in this count, in an amount as yet unknown, but if continued will be in excess of $1,000,00.00.

## COUNT VII

## [TRADEMARK INFRINGEMENT AS TO ALL PARTIES]

116.    This cause of action arises under the Trademark  Laws of the United States, Title 15 United States Code, Sec. 1051 et seq.

117.    Plaintiff repeats and realleges each allegation in paragraphs 1-115 as if set forth in full herein.

118.    Upon information and belief, customers or potential customers familiar with G&P's Donuts design, viewing the copies thereof at Defendant Ruby Tuesday's restaurants or promoted in Ruby Tuesday's advertisements will believe that such usage has been authorized or licensed or permitted by Plaintiff, whereas the same is not true.

119.    The aforementioned acts of defendants Ruby Tuesday; Johnson

-18-

Architecture, Calloway's and Jovin (collectively "Defendants") constitutes a false designation of origin in violation of 15 U.S.C. Sec.1125. Upon information and belief, such actual or potential customers of G&P and G&P's design will tend to believe that G&P has gone "downstream" to mass-merchandising, harming G&P's high quality reputation and denigrating its design integrity.

120.    All of the acts of Defendants as set forth in the preceding paragraphs, were undertaken without the permission, license, or consent of G&P, and are irreparably damaging G&P. Defendant Ruby Tuesday has been notified of Plaintiff's rights, but has failed to cease its infringing activities.

121.    Upon information and belief, the activities of Defendants have diminished and will continue to diminish the inherent value and marketability of G&P's Donuts design.

122.    G&P has been damaged by the acts of the Defendants as alleged in this count, in an amount as yet unknown, but if continued will be in excess of $1,000,00.00.

WHEREFORE, Plaintiff demands:

A.    That Defendants, their agents, servants, related companies, and all parties in privity with them, or any one of them, be enjoined preliminarily and permanently from infringing the copyright of Plaintiff either by advertising, displaying, or using fabric that is substantially similar to Plaintiff's Donuts design;

B.    That Defendants be required to deliver up to be impounded during the pendency of this action all infringing copies of Plaintiff's said copyrighted Donuts design in the possession or under the control of said Defendants.

C.    That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' willful infringement of Plaintiff's copyrights.

D.    That Defendants pay to Plaintiff the costs of this action and Plaintiff's reasonable attorneys' fees, as the Court may allow Plaintiff.

That Plaintiff has such other and further relief as the Court may deem just.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

**GOTTLIEB, RACKMAN & REISMAN**, P.C.
Attorneys for Plaintiff
270 Madison Avenue, 8th Floor
New York, New York 10016-0601
(212) 684-3900

By: _____
George Gottlieb (GG 5761)
ggottlieb@grr.com
Marc P. Misthal (MM 6636)
mmisthal@grr.com

Dated:  New York, New York
        January 24, 2008

-20-

EXHIBIT A

EX-21 5 ex21_1.htm 21.1 RTI SUBSIDIARIES
**Ruby Tuesday, Inc. & Subsidiaries**

## SUBSIDIARIES/AFFILIATES

Quality Outdoor Services, Inc.
RT Airport, Inc.
RT Franchise Acquisition, LLC
RT Louisville Franchise, LLC
RT McGhee Tyson, LLC
RT One Percent Holdings, Inc.
Ruby Tuesday, LLC
RT One Percent Holdings, LLC
RT Minneapolis Holdings, LLC
RT Omaha Holdings, LLC
RT Denver, Inc.
RT Louisville, Inc.
RT Orlando, Inc.
RT South Florida, Inc.
RT Tampa, Inc
RT West Palm Beach, Inc.
RTBD, Inc.
RT Kentucky Restaurant Holdings, LLC
RT New Hampshire Restaurant Holdings, LLC
RTGC, LLC
RT Restaurant Services, LLC
RT Finance, Inc.
RT Florida Equity, LLC
RT Southwest Franchise, LLC
RT Tampa Franchise, LP
RT New York Franchise, LLC
RT Northern California Franchise, LLC
RTTA, LP
RT Michiana Franchise, LLC
RT Orlando Franchise, LP

Wok Hay 2, LLC
RT Distributing, LLC
RT South Florida Franchise, LP
Ruby Tuesday GC Cards, Inc.
RT West Palm Beach Franchise, LP
4721 RT of Pennsylvania, Inc.
RT of Annapolis, Inc.
Ruby Tuesday of Marley Station, Inc.
Morrison of New Jersey, Inc.
Orpah, Inc.
RT Arkansas Club, Inc.
RT Jonesboro Club
RT Hospitality - York, JV
Ruby Tuesday of St. Mary's, Inc.
Ruby Tuesday of Allegany County, Inc.
Ruby Tuesday of Columbia, Inc.
Ruby Tuesday of Salisbury, Inc.
Ruby Tuesday Sunday Club, Inc.
Ruby Tuesday of Linthicum, Inc.
Ruby Tuesday of Frederick, Inc.
RT of Cecil County, Inc.
RT of Clarksville, Inc.
RT of Riverside, Inc.
Ruby Tuesday of Pocomoke City, Inc.
RT of Fruitland, Inc.
RTMB Lodging Joint Venture
RT Stonebridge Joint Venture
RTT Texas, Inc.
RTTT, LLC

EXHIBIT B



Galbraith & Paul

Lighting · Textiles

EXHIBIT C

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE



VA 1-161-824

~~EFFECTIVE DATE OF REGISTRATION~~

Sep 9 2002
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼

"Donuts"

NATURE OF THIS WORK ▼ See instructions

Textile Design

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give    Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NAME OF AUTHOR ▼

**a** Galbraith & Paul Inc +/o Galbraith & Paul

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of USA
      Domiciled in

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions

Nature of Authorship Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☒ 2-Dimensional artwork      ☐ Photograph    ☐ Text
☐ Reproduction of work of art ☐ Jewelry design    ☐ Architectural work

NAME OF AUTHOR ▼

**b**

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
      Domiciled in

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph    ☐ Text
☐ Reproduction of work of art ☐ Jewelry design    ☐ Architectural work

---

**3**

**a** Year in Which Creation of This Work Was Completed
1999
This information must be given Year in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information Month Jun Day 20 Year 2000
ONLY if this work has been published
USA    Nation

---

**4**

See instructions before completing this space

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Galbraith & Paul, Inc.    116 Elias Lane    Phila, PA 19127

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
Sep 9 2002
ONE DEPOSIT RECEIVED
Sep 9 2002
TWO DEPOSITS RECEIVED
Sep 9 2002
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of ___ pages

| EXAMINED BY | | **FORM VA** |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE<br>☐ Yes | | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼           **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

**a** See instructions before completing this space.

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** ▼           **Account Number** ▼

**7**

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Ephraim Paul           116 Shurs Lane, Phila, PA 19127
Galbraith & Paul

Area code and daytime telephone number   (215) 508.0400           Fax number   (215) 508.0866

Email

**b**

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of  Galbraith & Paul Inc t/a Galbraith & Paul
           Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Ephraim Paul, Treasurer           Date 9/3/02

**Handwritten signature (X)** ▼

X

**Certificate will be mailed in window envelope to this address:**

**Name** ▼  Galbraith & Paul

**Number/Street/Apt** ▼  116 Shurs Ln.

**City/State/ZIP** ▼  Phila, PA 19127

**9**

• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

Fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: June 2002—20,000   Web Rev: June 2002   ⊕ Printed on recycled paper           U.S. Government Printing Office: 2000-461-113/20,021

EXHIBIT D

# Galbraith & Paul

## Lighting + Textiles



Patterns shown: Marigold Ivy, Orange Donuts

## Vase Lamps

| | |
|---|---|
| Table | 24" h |
| | Round shade 12" t x 15" b x 10" h |
| | 75 watt incandescent bulb |
| Shade | Hand block printed silk |
| Base | Glass |
| | Amber, Celadon, Orange or Ocean |

116 Shurs Lane   Philadelphia PA 19127   215.508.0800   f 215.508.0866   info@galbraithandpaul.com

EXHIBIT E

So Connected - Special Email Offers - Ruby Tuesday



# RubyTuesday
SIMPLE FRESH AMERICAN DINING

Menu    Locations    RubyTueGo    So Connected    Gift Cards    Our Story

**RubyTueGo**
Get It To Go >

**Gift Cards**
Give A Gift Card >

keystrokes away from being So Connected with exclusive, e-mail only offers and so much more.

## Happy Birthdays

Just let us know the date and we'll send you the gift of a special offer to mark the occasion.

## Fresh Menus

At Ruby Tuesday, the kitchen's always thinking. You never know when something new and exciting will be added to the menu. But sign up and you will know, thanks to an e-mail alert whenever a change is made.

## Good News

## So Connected

First Name

Last Name

Email Address

Address

So Connected - Special Email Offers - Ruby Tuesday

As a member of So Connected at Ruby Tuesday, you'll be kept informed of all the latest news, as it happens, so you'll never miss a thing.

Ruby Tuesday respects your privacy. We do not sell ownership of this data to any other company or organization.

City
[          ] State [State]

Zip
[          ]

Country
[US]

Email Format Settings (How our email looks)
[HTML]

Your Gender [Choose]

☑ Join the Birthday Club?

Birthdate:

[Month] [Day]

Sign up for some tasty savings.
☑ New Menu Items
☑ Special Offers
☑ To Go Curbside

Who do you share your love of Ruby Tuesday with?
☐ Spouse/Significant other
☐ My family
☐ Friends
☐ Co-workers

Are you a Ruby Tuesday regular?
[-- Please Select --]


Submit ▶

So Connected - Special Email Offers - Ruby Tuesday

Investors    Franchising    Careers    Sitemap    Privacy    Contact

▲ back to top

© 2007 Ruby Tuesday, Inc. All Rights Reserved.

EXHIBIT F

Enjoy everything from fresh ingredients & fresh recipes to good times & gracious hospitality.

www.rubytuesday.com

EXHIBIT G